793 F.2d 264
 George HERNANDEZ, Pete Sandoval, David Bohks, and Steve H.
Montoya, on behalf of themselves and all others
similarly situated,
Plaintiffs-Appellants/Cross- Appellees,
and
Robert DeMary, Plaintiff,
v.
James GEORGE, in his capacity as sheriff of Otero County;
William Mershon, Roy Tucker, Jr., and Clarence Griffin, in
their capacity as commissioners of the County of Otero; and
The County of Otero, Defendants-Appellees/Cross- Appellants.
 Nos. 85-1622, 85-1652.
 United States Court of Appeals,
Tenth Circuit.
 June 17, 1986.
As Amended July 17, 1986.
 
 Antonio V. Silva, Rallis, Silva & Silva, P.C., El Paso, Tex., (Manuel J. Lopez, Southern N.M. Legal Services, Inc., Las Cruces, N.M., with him on briefs), for appellants and cross-appellees.
 Patrick J. Rogers (Douglas A. Baker, with him on brief), Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, N.M., for appellees and cross-appellants.
 Before BARRETT, McWILLIAMS, and TACHA, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 In this case, we review a decision of the District Court of New Mexico respecting an award of attorneys' fees and costs under 42 U.S.C. Sec. 1988. The case presents questions concerning the amount of the award and the extent to which local rules are binding on the district court.
 
 
 2
 In 1981, plaintiffs filed a civil rights class action suit under 42 U.S.C. Sec. 1983 challenging the constitutionality of conditions in the Otero County Jail. The complaint included a demand for attorneys' fees and costs. In early 1984, the parties reached a settlement agreement. In response to a request from the district judge's chambers, plaintiffs sent a letter to the judge on March 7 outlining the settlement. A copy of the letter was sent to defendants. The letter stated:
 
 
 3
 After a consent decree and order is entered by the court, the attorneys for the plaintiffs will negotiate with the Risk Management Division of the State of New Mexico for costs and attorney's fees. Assuming an agreement is not reached on this issue, a ruling from the court will be requested.
 
 
 4
 Final judgment in the case was entered on May 21, 1984; it did not mention attorneys' fees and costs. The parties negotiated this issue from April 1984 to January 1985. Although the fees and costs issue was raised between the parties before entry of final judgment, most of the negotiations regarding this issue took place between June 1984 and January 1985. On November 4, 1984, plaintiffs filed a Motion for an Award of Costs and Attorneys' Fees in the amount of $93,029.76. The district court granted the motion but awarded only $24,742.51.
 
 
 5
 On appeal, we consider whether plaintiffs are barred from recovering attorneys' fees and costs because their motion was not filed within the time limits provided in the district court's local rules. We also consider whether the court erred in (1) denying plaintiffs' motion to compel disclosure of the fees and hours of defendants' counsel, (2) assessing a success rate of only fifty percent, (3) denying costs for depositions and court reporting, and (4) denying compensation for time spent preparing affidavits for attorneys' fees and negotiating settlement of attorneys' fees. For the reasons set forth below, we affirm the decision of the district court.
 
 I.
 
 6
 The first question presented in this appeal is whether plaintiffs' Motion for an Award of Costs and Attorneys' Fees was untimely under local district court rules and therefore should have been denied. D.N.M.R. 15(f) requires a party to file any claim for attorneys' fees, together with supporting memorandum and affidavits, with the court and serve it on opposing counsel within 21 days after final judgment is entered. Fed. R. Serv. Local Ct. R., N.M., p. 13 (Callaghan). D.N.M.R. 15(b) requires a party seeking to recover costs to file a motion to tax costs within 20 days after final judgment. Id. at 11. Plaintiffs filed their Motion for an Award of Costs and Attorneys' Fees more than five months after final judgment was entered.
 
 
 7
 District courts may promulgate local rules under the authority granted in Rule 83 of the Federal Rules of Civil Procedure. Rule 83 provides that "[e]ach district court ... may ... make and amend rules governing its practice not inconsistent with these rules." Fed.R.Civ.P. 83, 28 U.S.C. Local rules are primarily housekeeping rules; their purpose is to facilitate operation of the court. 12 Wright and Miller, Federal Practice and Procedure, Civil Secs. 3152-3154.
 
 
 8
 This court has recognized that local rules are binding in some circumstances. Smith v. Ford Motor Co., 626 F.2d 784 (10th Cir.1980), cert. denied, 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981); Woods Constr. Co. v. Atlas Chemical Indus., 337 F.2d 888 (10th Cir.1964). See also Lance, Inc. v. Dewco Services, 422 F.2d 778 (9th Cir.1970). This court has also recognized that district courts have discretion in applying local rules. In Smith, we stated "[c]onsiderable deference is accorded to the district court's interpretation and application of their own rules of practice and procedure." Smith, 626 F.2d at 796 (citing Martinez v. Thrifty Drug and Discount Co., 593 F.2d 992 [10th Cir.1978]. See also Lance, 422 F.2d at 784. Furthermore, an unnumbered provision in the New Mexico District Court Rules provides that "[a]ny of the foregoing rules shall be subject to waiver by any judge as may be necessary to meet unusual circumstances or to avoid injustice." Fed.R.Serv. Local Ct.R., N.M., p. 17 (Callaghan).
 
 
 9
 In Smith, we considered whether the district judge's failure to enforce a local rule dealing with pre-trial scheduling conferences constituted an abuse of discretion. The rule provided that parties were to exchange lists of witnesses to be called at trial, together with brief summaries of their proposed testimony; generalized summaries were not acceptable; and only testimony consonant with the summaries would be received at trial. At trial, testimony of plaintiff's expert witness included material not covered in the pre-trial summary. The district judge allowed the testimony to be presented. In considering whether the district court had abused its discretion in allowing the testimony despite noncompliance with the local rule, this court examined the policies underlying the current discovery rules regarding expert witnesses. We noted that narrowing the issues and eliminating surprise are goals of discovery. Discovery rules regarding expert witnesses are designed to further these goals by allowing advance knowledge of opposing expert witnesses' testimony. This advance knowledge is necessary for effective cross-examination and rebuttal. Smith, 626 F.2d at 792-93 (quoting Advisory Committee Notes, Fed.R.Civ.P. 26, 28 U.S.C.). We then examined the facts of the case in light of this statement of policy to determine whether the district judge had abused his discretion in not adhering to the local rule. Id. at 797. We decided that, under the particular circumstances of that case, the district judge had abused his discretion in failing to follow the local rule and allowing the testimony.
 
 
 10
 In Woods, a case involving a contract dispute, this court considered whether the district judge erred in awarding attorneys' fees after a jury trial when the motion for fees was made after the time limit provided in the local rules. Again, we considered the policy behind the rule, stating:
 
 
 11
 The local rule with which we are here concerned is of importance because it is designed to provide a time limit for the conclusion of the litigation in the trial court when further procedural steps depend on action of a party. It is apparent that there must be such a definite limit. A case cannot remain open for indeterminate or unspecified periods awaiting a party's action to request the assessment of costs nor for any other purpose. An adverse party must be able to assess his position following the trial within the time limits prescribed by the rules of the court, and be guided as to his future action accordingly.
 
 
 12
 Woods, 337 F.2d at 891. We decided that, under the circumstances presented by that case, the district judge erred in not following the local rule. Thus, it is implicit in our decisions in Smith and Woods that, although district judges must follow local rules when adherence furthers the policies underlying the rules, they have discretion in applying and interpreting local rules.
 
 
 13
 In the present case, the district judge found that failure to adhere to time limits set by the local rules did not bar plaintiffs' claim given the particular circumstances of the case. He specifically recognized that time limits in local rules must be adhered to when the purposes underlying the rules will be served. The policies underlying the rules at issue in this case are judicial efficiency and finality. Woods, 337 F.2d at 891. The district judge examined the facts of this case in light of these policies. He concluded that the purposes for which the rules were drafted would not be served under the present circumstances by strictly enforcing the rules. Plaintiffs' claim for attorneys' fees and costs was not a stale claim. Opposing counsel knew of the claim months before the final judgment and continued to engage in negotiations for ten months.
 
 
 14
 The district judge specifically noted that not only would the policy underlying the rules not be served by adhering to them in this case, another significant policy would be undermined. He stated that an important policy of the court is encouragement of settlements, including settlement of attorneys' fees demands. He concluded that holding that plaintiffs are time-barred because of their extensive negotiations would discourage settlements.
 
 
 15
 The district judge adequately considered the policy interests to be served in declining to apply the local rules in this case. We cannot say that he abused his discretion.
 
 II.
 
 16
 This case presents several issues relating to the amount of the district court's award. First, we consider whether it was error for the district court to deny plaintiffs' motion to compel disclosure of the fees and hours of defendants' counsel. Plaintiffs requested disclosure of this information because they considered it relevant to the determination of the reasonable fees and hours to be awarded plaintiffs' counsel. The district judge's decision whether to allow plaintiffs' inquiry as to opposing counsel's fees and hours is discretionary and entitled to great weight. Johnson v. University College of the University of Alabama, 706 F.2d 1205 (11th Cir.), cert. denied, 464 U.S. 994, 104 S.Ct. 489, 78 L.Ed.2d 684 (1983); see also Martinez v. Schock Transfer and Warehouse Co., 789 F.2d 848, 849-50 (10th Cir.1986). The district judge found that, under the circumstances of this case, the fees and hours of defendants' counsel were not relevant because defendants' counsel were required to spend unnecessary time and effort due to lack of diligent prosecution on the part of plaintiffs' counsel in the early stages of the case.[1] In addition, the district judge had available to him information concerning the average hourly rate charged by lawyers of comparable skill and experience in the community. The district court's use of this average community rate in determining the fee award follows the guidelines set out by this court in Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir.1983). We find no abuse of discretion.
 
 
 17
 Second, we consider whether it was error for the district court to assess a success rate of only fifty percent. If a plaintiff does not prevail on all claims, the district court must determine whether the fee award should be reduced to reflect less than total success. Ramos, 713 F.2d at 556. The district court's assessment of the degree of success is entitled to great weight. Martinez, 789 F.2d 848, 849. In Ramos, this court set out factors to be considered in determining the success rate. 713 F.2d at 556-57. Although there is no precise rule or formula to follow, a court should consider the results obtained relative to the relief requested, the importance of the issues on which plaintiff prevailed, and whether the claims on which plaintiff prevailed are related to the unsuccessful claims. Id. In the present case, plaintiffs alleged constitutional violations in ten general areas: (1) medical attention, (2) living quarters and conditions, (3) security, (4) food, (5) personal hygiene, (6) punishment, (7) curtailment of communications, (8) access to courts, (9) education and religion, and (10) conditions of pretrial detainees. The district judge noted that plaintiffs were successful in gaining improvements in six of these areas, although some improvements were minimal. The district court also attached some significance to plaintiffs' success in getting defendants to adopt and use a "Manual for Employees and Residents of the Otero County Jail." The district judge treated the allegations in the complaint as a series of related claims and focused on the overall relief obtained. He considered the six areas of improvement, the degree of improvement in those areas, and the significance of the adoption of the Manual in assessing a fifty percent success rate. We find no abuse of discretion in the district court's determination.
 
 
 18
 Third, we consider whether it was error for the district court to deny costs for depositions and court reporting. Although a federal statute provides that a judge may tax deposition expenses as costs if the depositions are "necessarily obtained for use in the case," 28 U.S.C. Sec. 1920, a more stringent local district court rule allows costs only for depositions received in evidence or used by the court in ruling upon a motion for summary judgment, D.N.M.R. 15(d), Fed.R.Serv. Local Ct.R., N.M., p. 11 (Callaghan). The district judge applied the local rule and denied the deposition expenses because the depositions at issue were used only for settlement purposes. This case presents no special circumstances suggesting that the local rule should not be applied. We find the district judge did not abuse his discretion in applying the local rule.
 
 
 19
 Fourth, we consider whether plaintiffs are entitled to attorneys' fees for their work in this case attempting to resolve the attorneys' fees issue. The district court denied attorneys' fees for the work related to the recovery of attorneys' fees because these costs are not properly charged to the opposing party. The district judge apparently relied on a standard adopted by this court in Ramos that charges not properly billed to one's client also are not properly billed to one's adversary. A close reading of Ramos and other cases, however, reveals that this court generally allows recovery of fees for attorneys' work in seeking attorneys' fees. Ramos, 713 F.2d at 558; Littlefield v. Deland, 641 F.2d 729 (10th Cir.1981); Love v. Mayor of Cheyenne, 620 F.2d 235 (10th Cir.1980). Compensating attorneys for work in resolving the fee issue furthers the purpose behind the fee authorization in Sec. 1988 which is to encourage attorneys to represent indigent clients and to act as private attorneys general in vindicating federal civil rights policies. Prandini v. National Tea Co., 585 F.2d 47 (3d Cir.1978).
 
 
 20
 Even though the district court erred in its reasoning, we affirm the district court and deny recovery of the fees sought for litigating the attorneys' fees issue because of the unique circumstances of this case. Cayce v. Carter Oil Co., 618 F.2d 669, 677 (10th Cir.1980) ("appellate court will affirm the rulings of the lower court on any ground that finds support in the record, even where the lower court reached its conclusions from a different or even erroneous course of reasoning"). Plaintiffs here rely on the course of negotiations with defendants as the reason that they did not comply with the local rule requiring filing for attorneys' fees within 21 days after entry of final judgment. We have deferred to the district judge's discretion regarding application of the local rule because of the unusual circumstances related to the negotiations between the parties. We uphold the exception to the local rule to permit recovery of attorneys' fees related to the merits of this dispute because of the underlying policies to be served by allowing the exception. However, the same policy considerations do not support extending the exception to permit recovery of fees for work completed after the time limit for filing a motion for fees. Under the circumstances of this case, the district judge determined and we agree that the policy of finality furthered by the local rule was not applicable to plaintiffs' claim for fees and costs for work on the merits of the case because defendants knew of the claim and continued to negotiate after the time limit. However, the policy of finality becomes a very strong mandate when we consider an award for work on the attorneys' fees issue which was done largely after the time limit provided in the local rule had expired. The litigation should have been closed when the time limit ran. We will allow recovery of fees for work on the merits already accrued at the time the litigation should have ended. We decline, however, to extend the exception to the local rule to include fees accrued after that point. While recovery of fees for negotiation of attorneys' fees is normally allowed even after the merits of a dispute have been settled, under the unique circumstances of this case, the local rule bars their recovery because these fees arose after the time limit provided in the local rule.
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 We note, as did the district court, that problems in the early stages of the case were due to lack of diligence on the part of plaintiffs' original counsel. Plaintiffs' current attorneys, Mr. Lopez and Mr. Silva are not responsible for these problems