**Zahid IQBAL, Plaintiff,**

v.

**GOLF COURSE SUPERINTENDENTS ASSOCIATION OF AMERICA, Defendant.**

**No. 84–4063.**

United States District Court, D. Kansas.

June 28, 1989.

Phil M. Cartmell, Jr., Gage & Tucker, Dennis E. Egan, Popham, Conway, Sweeny, Fremont & Bundschu, P.C., Kansas City, Mo., for plaintiff.

Robert D. Ochs, Ochs, Kelley & Luttjohann, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

In 1986, plaintiff received a jury verdict of $50,000.00 upon a retaliation claim brought under 42 U.S.C. § 1981. The jury rejected a race discrimination claim brought under similar and related facts. The court granted a directed verdict against four pendant state law claims arising from the same core of facts. In 1988, the jury's verdict was sustained on appeal. The issue now before the court is what attorney's fees and expenses should defendant be required to pay under 42 U.S.C. § 1988.

There should be no question, although defendant raises one, that plaintiff is a prevailing party entitled to an award under § 1988. Plaintiff succeeded upon a significant issue in the litigation. That is all the law requires. *Texas State Teachers Association v. Garland Independent School District*, — U.S. —, —, 109 S.Ct. 1486, 1492–93, 103 L.Ed.2d 866.

We have reviewed the hours plaintiff's counsel claim in this case. By and large, we consider the total number of hours claimed to be reasonable. We reject defendant's claim that some hours spent for depositions should be subtracted. Some of the depositions were called by defendant. The depositions deal with the same core of facts from which plaintiff made his retaliation claim. Defendant also argues that plaintiff should not recover fees for the services of two attorneys during the trial. We do not find the use of two attorneys during the trial of this case unreasonable.

See *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir.1983).

We find that 725 hours is a reasonable number for plaintiff's counsel and counsel's staff in this case. In calculating this number, we have made slight reductions for travel time to Topeka (because this case could have been handled by attorneys working in Topeka) and for time waiting upon a jury verdict (because it was not necessary for two attorneys to await the verdict). We have also added time for plaintiff's most recent reply brief.

We further find that lead counsel for the plaintiff should be reimbursed at the rate of $95.00 an hour and that associate counsel should be reimbursed at a rate of $75.00 an hour. These rates are lower than what plaintiff's counsel normally charge in their Kansas City area practice. However, we believe the rates more accurately reflect rates charged in the Topeka area. The rates are higher than rates this court has allowed in previous cases. But, accounting for inflation and the awards of other judges in this district, we believe the rates are reasonable. The court has also accounted for the fact that this case has been open since 1984 and plaintiff's counsel have had a judgment since 1986, but they have not been paid for their services. It is reasonable to afford some premium to account for loss of use of the money they are owed for their legal services. We find the proposed rate for law clerk time ($20.00 per hour) to be reasonable, but we shall reduce the rate proposed for paralegal work to $35.00 per hour. These findings produce a lodestar amount of $63,369.50.

■ Defendant contends this figure should be reduced so that plaintiff recovers no more in attorney's fees than what is provided for in the contingency fee contract he had with his counsel. This argument was rejected in *Blanchard v. Bergeron*, — U.S. —, 109 S.Ct. 939, 103 L.Ed.2d 67 ("The presence of a pre-existing fee agreement may aid in determining reasonableness ... [b]ut as we see it, a contingent fee contract does not impose an auto-

matic ceiling on an award of attorney's fees ...." at ——, 109 S.Ct. at 944).

Plaintiff has requested that the lodestar figure be enhanced because of the contingency fee risk counsel accepted and because of other factors. In *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565, 106 S.Ct. 3088, 3099, 92 L.Ed.2d 439 (1986), the Court stated that upward adjustments of the lodestar figure are permissible only "in certain 'rare' and 'exceptional' cases." Quoting *Blum v. Stenson*, 465 U.S. 886, 898–901, 104 S.Ct. 1541, 1548–50, 79 L.Ed.2d 891 (1984). We do not believe such "rare" or "exceptional" circumstances have been demonstrated in this case.

■ Defendant has asked that any fee award be reduced because of the limited success plaintiff achieved in this case. In this regard, it is pertinent to review plaintiff's allegations. Plaintiff started work for defendant on April 9, 1981. Plaintiff alleged that almost immediately he felt hostility towards him. The hostility, which was mixed with some positive relationships and promotions, continued over the years. In the fall of 1983, plaintiff received a demotion amounting to a $23,500.00 cut in pay. On February 16, 1984, plaintiff filed a lawsuit against defendant charging racial discrimination. Plaintiff was fired in March 1984. Thereafter, plaintiff amended his complaint to claim retaliation.

Judge O'Connor provided some guidance for considering defendant's "limited success" argument in *Ortega v. City of Kansas City, Kansas*, 659 F.Supp. 1201, 1217 (D.Kan.1987) *rev'd on other grds*, 875 F.2d 1497 (10th Cir.1989).

When the plaintiff fails to prevail on claims "unrelated" to those on which he succeeds, work on the unrelated, unsuccessful claims may not be compensated. *Hensley*, 461 U.S. [424] at 435, 103 S.Ct. [1933] at 1940 [76 L.Ed.2d 40 (1983)]. These types of claims are to be treated as if they were raised in a separate lawsuit that the plaintiff lost. *Id.* When, however, the plaintiff's claims involve "a common core of facts or [are] based on related legal theories" the court must

focus on the significance of the overall relief obtained by the plaintiff. *Id.* If the plaintiff has obtained "excellent results," the attorney's fees should encompass all hours reasonably expended and no reduction should be made merely because the plaintiff failed to prevail on every claim. *Id.* On the other hand, if the plaintiff achieves "only partial or limited success," the product of hours expended on the entire case times a reasonable hourly rate will often be excessive. *Id.* at 436, 103 S.Ct. at 1941. The Supreme Court in *Hensley* stated:

There is no precise rule or formula for making these determinations. The District Court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment.

*Id.* The Tenth Circuit requires that the trial court consider the results obtained relative to the relief requested, the importance of the issues on which plaintiff prevailed, and whether the claims on which plaintiff prevailed related to unsuccessful claims. *Hernandez v. George*, 793 F.2d 264, 268 (10th Cir.1986).

In this case, plaintiff prevailed upon an important issue and obtained a verdict indicative of significant success. Plaintiff also spent a good part of this case contesting the events prior to his filing of this lawsuit on the grounds that he was demoted and harassed because of his race. He did not prevail on these issues. He also lost four state law claims he made in connection with his firing.

The state law claims are related to plaintiff's other claims regarding termination. The work on this case did not focus on the state law claims. The court does not believe the lodestar amount should be reduced because plaintiff lost these claims. The court does believe a reduction is justified in light of plaintiff's failure regarding his demotion and race discrimination claims. These were a significant part of plaintiff's case. Had he prevailed upon these claims, he may have received a big-

ger award. In the pretrial order, plaintiff requested an award of $500,000 in actual damages and $1,000,000 in punitive damages. The jury award was far short of this.

In sum, we believe plaintiff's verdict in this case is accurately labeled a "limited success" and that the lodestar amount should be reduced by 30%, resulting in a total attorney fee award of $44,358.65. This reduction is not made on the grounds that plaintiff raised frivolous claims. We reject this argument of defendant. The reduction is made on the grounds that plaintiff spent considerable time attempting to prove race discrimination over a four-year period which culminated in a demotion and firing. But, the jury found only that plaintiff was fired because he filed a lawsuit approximately a month before his termination. Obviously, plaintiff's job history and job performance were relevant to his retaliation claim. Nevertheless, a reduction is warranted by the jury's rejection of the race discrimination claim.

Plaintiff is asking for an award of expenses in an amount exceeding $14,000.00. The court is having some problems interpreting the records supplied to substantiate this request. Therefore, before issuing an order regarding expenses, the court directs plaintiff to break down the total expense figure into categories for the types of expenses for which plaintiff seeks reimbursement under § 1988. Defendant is granted ten days to respond to plaintiff's breakdown of expenses. Then the court will issue an order regarding expenses.

IT IS SO ORDERED.