900 F.2d 227
 52 Fair Empl.Prac.Cas. 961,
53 Empl. Prac. Dec. P 39,821
Zahid IQBAL, Plaintiff-Appellee, Cross-Appellant,
v.
GOLF COURSE SUPERINTENDENTS ASSOCIATION OF AMERICA,
Defendant-Appellant, Cross-Appellee.
 Nos. 89-3187, 89-3196.
 United States Court of Appeals,
Tenth Circuit.
 April 9, 1990.
 
 Dennis E. Egan, Popham, Conway, Sweeny, Fremont & Bundschu, P.C., Kansas City, Mo., for plaintiff-appellee/cross-appellant.
 Robert D. Ochs, Ochs, Kelley & Luttjohann, Topeka, Kan., for defendant-appellant/cross-appellee.
 Before McKAY, ANDERSON and TACHA, Circuit Judges.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Defendant Golf Course Superintendents Association of America ("GCSAA") appeals from an order entered by the district court awarding plaintiff Zahid Iqbal $46,373.78 in attorneys' fees in a 42 U.S.C. Sec. 1981 race discrimination and retaliatory discharge case. 717 F.Supp. 756. Iqbal cross-appeals the district court's reduction in his counsel's hourly rates and thirty percent reduction of the lodestar. We affirm the district court judgment and we remand to the district court to calculate the fees and costs to be awarded for work done on this appeal.[1]
 
 
 2
 "[A]n attorneys' fee award by the district court will be upset on appeal only if it represents an abuse of discretion." Mares v. Credit Bur. of Raton, 801 F.2d 1197, 1201 (10th Cir.1986). Subsidiary factual findings will only be reversed if clearly erroneous. Id. GCSAA argues (1) Iqbal only achieved "very partial or limited success," whereas GCSAA prevailed on a number of issues, which justifies a reduced award to Iqbal offset by an award of fees to GCSAA; (2) the attorneys' fee award should be limited by the contingency fee agreement between Iqbal and his attorney; (3) the fee was excessive given the work performed, because, among other things, it included work on unrelated unsuccessful claims, and inadequate evidence supports the hourly rate awarded. We reject all of GCSAA's challenges to the district court's award.
 
 
 3
 We affirm the district court's conclusion that, under current Supreme Court standards, Iqbal is a "prevailing party" entitled to attorneys' fees under section 1988. See Texas State Teachers Assoc. v. Garland Indep. School Dist., --- U.S. ----, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). We likewise affirm the rejection of the contingency fee agreement as providing a cap on the attorneys' fee award in this case. See Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); Cooper v. Singer, 719 F.2d 1496 (10th Cir.1983) (en banc). Finally, we find no abuse of discretion in the district court's calculation of the lodestar. In particular, we find no error in the district court's approval of an hourly rate "lower than what plaintiff's counsel normally charge in their Kansas City area practice" but "higher than rates this court has allowed in previous cases." Memorandum and Order, filed June 28, 1989. The district court specifically approved the higher rate because of "inflation and the awards of other judges in this district" and because of the delay in payment of the attorneys' fees. The Supreme Court has specifically approved "an appropriate adjustment for delay in payment." Missouri v. Jenkins, --- U.S. ----, 109 S.Ct. 2463, 2469, 105 L.Ed.2d 229 (1989). We likewise see no reason to disturb the district court's determination that the total number of hours expended was reasonable.
 
 
 4
 We also reject, however, Iqbal's argument that the lodestar should not have been reduced thirty percent to reflect the limited success achieved by Iqbal. The district court had discretion to make such a reduction, and it adequately explained its reasons for so doing. See Texas State Teachers Assoc., 109 S.Ct. at 1492 ("district courts should exercise their equitable discretion ... to arrive at a reasonable fee award ... by simply reducing the award to account for the limited success of the plaintiff."). While rejecting Iqbal's challenge to the district court's lodestar reduction, we also decline to circumvent that reduction by reversing the district court's finding that hourly rates lower than what Iqbal's attorneys normally charge were reasonable. No error appears in the district court's determination of hourly rates. We therefore affirm the district court's award of fees in this case. That award should be paid immediately.
 
 
 5
 We are aware also of the financial burden borne by Iqbal's counsel because of the delay, in part caused by this appeal, in receiving the attorneys' fees to which they are entitled. Iqbal asks this court to impose sanctions on GCSAA for pursuing a frivolous and groundless appeal and asks for fees and costs incurred in this appeal as well as post-judgment interest.
 
 
 6
 This appeal by GCSAA was marginal. In particular, we look with extreme disfavor on arguments, such as that made by GCSAA regarding the effect of the contingency fee agreement, based on overruled Tenth Circuit precedent and contrary to Supreme Court opinions. Nonetheless, GCSAA's other arguments, while not persuasive, are arguments we frequently encounter in the attorneys' fee area and are not so frivolous or meritless as to deserve sanctions.
 
 
 7
 We do not address Iqbal's claim for post-judgment interest. The district court did not address this question in its memorandum and order, and, from the materials submitted in this appeal and the record in this case, we cannot see that the matter was ever presented to the district court.
 
 
 8
 Finally, we hold that Iqbal is entitled to fees and costs for work done on this appeal. Cases in our circuit have not given clear guidance as to whether and when fees may be awarded to a prevailing plaintiff for litigation devoted solely to establishing an entitlement to fees. In Mares, 801 F.2d 1197, a case in which the attorney representing the prevailing plaintiff hired another attorney to litigate the alleged inadequacy of the attorneys' fees awarded, we stated:
 
 
 9
 "There is a difference ... between time necessary to prepare and submit an application for fees, and hours spent disputing a fee award. The latter are especially suspect, and may be disallowed in their entirety. The district court has great leeway in this regard, and '[o]nly in extraordinary circumstances will we disturb a district judge's exercise of his discretion in awarding or denying fees for establishing fees.' "
 
 
 10
 Id. at 1206 (quoting Muscare v. Quinn, 680 F.2d 42, 45 (7th Cir.1982)). Subsequently, in Glass v. Pfeffer, 849 F.2d 1261 (10th Cir.1988) we noted that:
 
 
 11
 "In the ... area of fee litigation under statutory fee provisions, courts commonly allow additional attorney's fees for time spent in establishing an original fee entitlement. As the Third Circuit has stated: 'It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary.' Prandini v. National Tea Co., 585 F.2d 47, 54 n. 8 (3d Cir.1978). This circuit is in accord. Hernandez v. George, 793 F.2d 264, 269 (10th Cir.1986)."
 
 
 12
 Id. at 1266 n. 3. Hernandez, the case cited in Glass, states:
 
 
 13
 "[T]his court generally allows recovery of fees for attorneys' work in seeking attorneys' fees. Compensating attorneys for work in resolving the fee issue furthers the purpose behind the fee authorization in Sec. 1988 which is to encourage attorneys to represent indigent clients and to act as private attorneys general in vindicating federal civil rights policies."
 
 
 14
 793 F.2d at 269 (citations omitted). Prandini, the case quoted in Glass and one of the cases cited in Hernandez, specifically stated that "courts have consistently held that attorneys may be awarded, under statutory fee authorizations, compensation for the expenses of and time spent litigating the issue of a reasonable fee--i.e., for time spent on the fee application and successful fee appeals." 585 F.2d at 53 (citations omitted). Thus, Glass and Hernandez suggest that fees may be awarded for work done on a fee appeal, whereas Mares suggests that in certain circumstances such an award would be "rare and unusual." Mares, 801 F.2d at 1207. Other Tenth Circuit cases have suggested a party may receive attorneys' fees for work done "in resolving the fee issue itself." Littlefield v. Deland, 641 F.2d 729, 733 (10th Cir.1981); Love v. Mayor of Cheyenne, 620 F.2d 235, 237 (10th Cir.1980). The parameters of what constitutes "resolving the fee issue itself" were not explicitly explored.
 
 
 15
 We believe our Tenth Circuit precedent establishes no firm rule regarding attorneys' fees arising out of an appeal of a statutory fee award, but rather, that the issue must be resolved on a case-by-case basis. This is a case where such an award is appropriate. Here, counsel for the prevailing plaintiff was forced to defend a statutory award of attorneys' fees.[2] His defense was successful. Fees and costs should be awarded for work done on this appeal. Accordingly, we remand this matter to the district court to calculate the fees and costs to be awarded to Iqbal for such work.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument
 
 
 [2]
 While we note that Iqbal filed a cross-appeal in this case, he suggested in his brief that it was only because of "GCSAA's obstinate intent to prolong the proceedings" that he cross-appealed the award of attorneys' fees. Brief of Appellee/Cross-Appellant at 8