**Linda Sue BRATCHER,
Plaintiff–Appellant,**

v.

**BRAY – DOYLE INDEPENDENT SCHOOL DISTRICT NO. 42 OF STEPHENS COUNTY, OKLAHOMA; Kevin Graham; Ralph McKinley; Alvin Miller; Buster Milligan; Kent Spivey; Don Stallons; Jack R. Williams, Defendants–Appellees.**

No. 93–6083.

United States Court of Appeals,
Tenth Circuit.

Oct. 29, 1993.

---

**3.** No issue is raised as to whether Unified was given adequate protection for the $87,500.00 loan.

Jan Preece Gaddis and Joseph R. Weeks, Oklahoma City, OK, for plaintiff-appellant.

Reggie N. Whitten and Kathryn D. Mansell, of Mills, Whitten, Mills, Mills & Hinkle, Oklahoma City, OK, for defendants-appellees.

Before LOGAN and BRORBY, Circuit Judges, and KANE,* District Judge.

BRORBY, Circuit Judge.

█ Plaintiff appeals from a district court order awarding her $221,756.25 in attorneys' fees and $2,775.95 in expenses, approximately one-half and one-quarter, respectively, of the amounts requested, following the successful settlement of her sex discrimination suit. We review the award under an abuse of discretion standard, *see Aguinaga v. United Food & Commercial Workers Int'l Union,* 993 F.2d 1480, 1481 (10th Cir.1993), and affirm in all but one respect for reasons explained below.[1]

The parties settled this case for $150,000 after a trial on liability but before any determination of damages. Plaintiff's counsel submitted a fee request detailing 1,611.7 hours at $200 per hour for lead counsel, 577.7 hours at $125 per hour for second counsel, a delay-in-payment enhancement of ten percent, and expenses in excess of $11,500. Following an evidentiary hearing, the magistrate judge recommended decreasing lead and second counsel's hours to 1,151 and 392.85, respectively, reducing lead counsel's hourly rate to $125, rejecting the proposed enhancement, and limiting expenses to $2,775.95. Over plaintiff's written objections, the district court entered an order generally adopting the magistrate judge's recommendation, though increasing lead counsel's hourly rate to $150.

## I

█ As a threshold issue, plaintiff contends the district court failed to conduct its review of the magistrate judge's recommendation under the proper standard. She therefore insists the whole matter should be remanded for redetermination by the district court. We disagree.

De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court. Where circumstances indicate that the district court has not conducted such review following timely objection to the magistrate's report, the case must be remanded for compliance with the statute [i.e., 28 U.S.C. § 636(b)(1)].

*Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir.1991) (citations omitted). The district court's duty in this regard is satisfied only "by considering the actual testimony [or other relevant evidence in the record], and not by merely reviewing the magistrate's report and recommendations." *Gee v. Estes,* 829 F.2d 1005, 1009 (10th Cir.1987). On the other hand, we presume the district court knew of these requirements, so the express references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise. *See Clark v. Poulton,* 963 F.2d 1361, 1368 (10th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992).

Plaintiff contends the brief discussion included in the district court's three-page order indicates the exercise of less than de novo review. This argument is undercut by *Andrews v. Deland,* 943 F.2d 1162 (10th Cir. 1991), *cert. denied,* — U.S. —, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992), in which this court stated such brevity does not warrant "look[ing] behind a district court's express statement that it engaged in a *de novo* review of the record." *Id.* at 1171. Plaintiff also argues the district court's adoption of the magistrate judge's particular reasonable-hour estimates is inconsistent with de novo review. On the contrary, the statute itself makes it clear that the district court "may *accept,* reject, or modify, *in whole or in part,* the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1) (emphasis added); *see Andrews,* 943 F.2d at 1170 (" 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a

---

* Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

magistrate's proposed findings and recommendations.' " (quoting *United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 2412, 65 L.Ed.2d 424 (1980)). Finally, plaintiff notes the district court did not mention the hours spent by counsel preparing objections to the magistrate judge's fee recommendation, which were included in the total submitted to the district court. Since this work was necessarily outside the scope of the magistrate judge's recommendation, it is irrelevant to the de novo review issue. We consider the merits of this request for post-recommendation fees in part III.

## II

■ Plaintiff's primary objections are to the district court's reduction of the hours, hourly rate, and expenses generally claimed by counsel. Mindful that it "is not for the court to justify each dollar or hour deducted from the total submitted by counsel.... [, but] counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero," *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1210 (10th Cir.1986), we find no abuse of discretion here.

First of all, to the extent plaintiff's challenge turns on the competing opinions expressed at the fee hearing by her two experts, Andrew Lester and Melvin Hall, and defendants' expert, Jim Priest, her appeal must fail for lack of an adequate record. The magistrate judge expressed his assessment of this expert testimony by noting that

little value was placed on the testimony presented during the hearings on the attorney fee applications by the Plaintiff's two expert witnesses.... [E]ach testified that they did not find *any* unreasonable hours claimed by Plaintiff's counsel in this case. That testimony is totally incredible, as any reasonable attorney looking at this application would find some of the time claimed to be unreasonable. Further, their testimony did not address specific aspects of the case, but rather was general in nature as to the reasonableness of the fee. On the other hand, Defendants' expert witness ... [was] fully prepared to testify about specific examples of excessive

time, and his testimony was credible and most helpful.

App. II at 619 (emphasis in original). We are in no position to question this assessment on the basis of the selected hearing excerpts with which we have been provided. *See Deines v. Vermeer Mfg. Co.,* 969 F.2d 977, 979–80 (10th Cir.1992).

■ Furthermore, we are unpersuaded by plaintiff's task-by-task argument for allowing all of the hours specified by counsel. As in the *Mares* case, "[w]hether as a result of inexperience or other reasons, the record before us strongly suggests that the time expended was greatly disproportionate to that required." *Mares,* 801 F.2d at 1205. We cannot say the district court abused its discretion in discounting a substantial portion of counsel's hours as excessive. *See id.* at 1203 (excessive time is proper basis for court's general reduction in hours claimed by counsel).

■ The same is true with respect to the hourly rate set by the district court for lead counsel. The magistrate judge noted that lead counsel "has not tried a case or been actively involved in litigation practice for several years," and considered this lack of recent litigation experience evidenced by the excessive time expended on the case. App. II at 620–21. Drawing on his familiarity with prevailing rates in the community, the magistrate judge recommended an hourly fee for lead counsel in the $125 to $150 range, ultimately settling on the lower figure. *Id.* at 621–23. Thereafter, the district court concluded: "One point is clear; [Magistrate] Judge Argo did not rate [lead counsel] as high as [lead counsel] rated himself. Neither did I, not at pretrial stages nor trial itself. However, in view of my observation of ... [lead counsel], I find *de novo* that $150.00 per hour is reasonable for his services." *Id.* at 702. Appropriate factors were thus considered, *see Ramos v. Lamm,* 713 F.2d 546, 555 (10th Cir.1983), and we discern no abuse of discretion in their application.

■ As for expenses, the magistrate judge reviewed the numerous items claimed to determine whether such charges would normally be billed to the client and whether they

were reasonable, pursuant to *Bee v. Greaves,* 910 F.2d 686, 690 (10th Cir.1990). *See* App. II at 630–36. On de novo review, the district court concurred entirely with the magistrate judge's limited approval of the expenses sought. *Id.* at 702. Plaintiff argues the district court erred as a matter of law by not accepting all of counsel's expenses, because defendants did not present any evidence on the matter at the hearing before the magistrate judge. However, "the burden is on the prevailing plaintiffs to establish the amount of compensable costs and expenses to which they are entitled." *Mares,* 801 F.2d at 1208. Consequently, the district court properly evaluated the requested expenses for compliance with the standard cited above, which was its responsibility regardless of defendants' evidentiary showing.

■ Plaintiff also insists counsel are entitled to a ten percent enhancement for delay in payment of fees. The magistrate judge considered such an enhancement unwarranted, since counsel were already getting the benefit of current hourly rates and there had been no downward adjustment for the lack of complete success on all of plaintiff's claims. The district court did not err in adopting this recommendation. The delay in payment of fees may be remedied "by the application of current rather than historic hourly rates or otherwise." *Missouri v. Jenkins ex rel. Agyei,* 491 U.S. 274, 284, 109 S.Ct. 2463, 2469, 105 L.Ed.2d 229 (1989); *see Iqbal v. Golf Course Superintendents Ass'n of Am.,* 900 F.2d 227, 228 (10th Cir.1990); *Camden I Condominium Ass'n v. Dunkle,* 946 F.2d 768, 775 n. 7 (11th Cir.1991). Plaintiff may disagree with the particular hourly fee allowed, but that does not alter the fact that it was intended to reflect current rates and thus account for the delay in payment.

### III

We turn now to plaintiff's supplemental fee request for time spent challenging the magistrate judge's recommendation on her fee application. This court has recognized that a party may be awarded fees incurred in resolving the fee issue itself. *See Iqbal,* 900 F.2d at 229. By virtue of the district court's twenty-five dollar addition to lead counsel's

hourly rate, plaintiff succeeded in obtaining a $28,775 increase over the recommended fee. Nevertheless, the district court never mentioned her supplemental fee request. We can only conclude that this relatively minor issue was inadvertently overlooked and, accordingly, should be remanded for explicit determination. *See Smith v. Freeman,* 921 F.2d 1120, 1124 (10th Cir.1990). We do not suggest plaintiff must be awarded a certain fee, particularly not for the thirty-five plus hours counsel claimed were necessary despite all the relevant work done before the challenged recommendation was made. Anticipating our holding, plaintiff has asked that fees be awarded for services on remand. That, however, is entirely up to the discretion of the district court.

■ Finally, plaintiff seeks an award of fees on appeal. While we have the discretionary authority to grant such relief even in appeals limited to fee disputes, *see Iqbal,* 900 F.2d at 229–30, we decline to exercise it in favor of a party who has lost on every major appellate issue, *see Mares,* 801 F.2d at 1207.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED in part, and the cause is REMANDED for proceedings consistent with this opinion.