77 F.3d 484
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Nawatha SLATON, Petitioner-Appellant,
v.
Charles B. MILLER, Respondent-Appellee.
 No. 94-3178.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 20, 1996.*
Decided Feb. 21, 1996.
 
 Before PELL, FLAUM and EASTERBROOK, CIrcuit Judges.
 
 ORDER
 
 1
 Nawatha Slaton, a state prisoner appearing pro se, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. He alleges that disciplinary sanctions depriving him of "good time" credits were imposed in violation of his constitutional rights under the Due Process Clause of the Fourteenth Amendment. For the following reasons, we affirm.
 
 
 2
 Slaton, while serving a sentence at the Westville (Indiana) Correctional Center, left an anonymous greeting card on the desk of a female guard, Officer Franson, with a comic strip enclosed.[1] Officer Franson immediately reported the incident to her supervisor. Shortly thereafter, Slaton asked Franson how she liked the card. She told him she didn't appreciate it, and had already reported the incident. According to Franson, Slaton was upset, said he did it as a joke, and asked Franson to forget the incident and give him the card back. Prison officials placed Slaton on full-dorm restriction pending a disciplinary hearing before the Conduct Adjustment Board ("CAB"). The CAB charged Slaton with "making sexual proposals or threats to another," in violation of prison regulations. Slaton appeared in person, represented by a lay advocate. He conceded that he wrote the card, but informed the CAB he meant it as a joke to cheer Franson up, because he thought she was having a bad day. Officer Franson did not appear in person. The CAB found Slaton guilty because of his "attempted intimacy with staff," and sanctioned him both by reducing his status for earning "good time" credits, and depriving him of ninety days of "good time" credit already earned. The dormitory restrictions were rescinded after the hearing.
 
 
 3
 Slaton first argues that he received inadequate notice of the charge against him, implying he did not understand that the message in the greeting card could be deemed a sexual proposal. Prisoners are entitled to written notice at least twenty-four hours in advance of a disciplinary hearing. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985). The record makes clear that Slaton had written notice of the charge five days before the disciplinary hearing, and was fully aware of the incident on which the charge was based. Such notice meets constitutionally minimum standards of due process. That Slaton erroneously believed his conduct did not violate the regulation is not relevant.
 
 
 4
 Similarly, Slaton contends the CAB wrongly denied him the right to cross-examine Officer Franson. Inmates, however, have no right to confront and cross-examine adverse witnesses. Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir.1992). Even where an inmate has the right to call a witness, refusing to let him do so does not violate due process if it is clear the witness would have provided irrelevant or repetitive testimony. Forbes v. Trigg, 976 F.2d 308, 317 (7th Cir.1992), cert. denied, 113 S.Ct. 1362 (1993). In the case at bar, it is clear that Slaton wanted to call Franson only to provide context to her Conduct Report, which constituted the principal evidence against him. Indeed, the gravamen of his argument on appeal is that only explicit sexual propositions violate the prison regulation at issue, and the items he sent Officer Franson were not sufficiently graphic to constitute a "sexual proposal." He insists he had to call Officer Franson "to show how [she] had lured and enticed [him] into feeling sympathy for her, result[ing] in his making the effort to give her the greeting card that wished her to have a nice day, in an effort to cheer her up[.]"
 
 
 5
 This argument misses the mark. Slaton conceded that he wrote the greeting card, altered the comic strip, and that Officer Franson's report accurately described the incident. "[T]he availability of [an] adequate bas[i]s of decision without [the adverse witness]" justified the CAB in concluding that it need not let Slaton call Officer Franson. Baxter v. Palimigiano, 425 U.S. 308, 322-23 (1976). Whether the CAB, based on this evidence, correctly determined that Slaton's admitted conduct violated the regulation at issue is a question not before us.
 
 
 6
 Next, Slaton contends that he is entitled to a remand because the district court dismissed his petition before he had a chance to file a traverse. We review a district court's failure to follow local rules for abuse of discretion. Hernandez v. George, 793 F.2d 264, 267 (10th Cir.1986). The district court initially dismissed Slaton's petition on July 26, 1994. Local rules, however, gave Slaton until August 19 to file a traverse. Slaton filed a timely traverse on August 5. The court then modified the order of dismissal on August 30, 1994, taking into account and denying Slaton's traverse. We find the modification cured any flaws in the previous ruling, rendering the district court's inadvertent failure to adhere to local rules harmless error. United States v. Mitchell, 723 F.2d 1040, 1049 (1st Cir.1983).
 
 
 7
 Slaton also seeks a remand because, he complains, the district court wrongly interpreted his petition as a request to re-try the case and re-evaluate the evidence. We agree that Slaton never requested such action, and disagree with the district court's opinion to the extent it suggests he did. Nonetheless, we find no reason to remand. Slaton's principal complaint is that the hearing would have produced a fairer and more just result had the CAB furnished him greater procedural protections. We agree with the district court that the purpose of reviewing a petition seeking habeas corpus under the Fourteenth Amendment is not to assess the result which the decision-maker reached, as long as some evidence supports it. See Marshall v. Lonberger, 459 U.S. 422, 432-33 (1983). Rather, we determine whether, in resolving the dispute, the decision-maker afforded the defendant procedural safeguards which meet the constitutional minima for procedural due process. It did so here.
 
 
 8
 Finally, Slaton maintains that the CAB violated his Eighth Amendment rights by imposing three different types of punishment. Because he never presented this argument to the district court, he has waived the issue on appeal. United States v. Nash, 29 F.3d 1195, 1201 (7th Cir.1994). Also, since the Constitution does not require judicial review of prison disciplinary hearings, Slaton's argument that Indiana provides inmates with constitutionally inadequate appellate procedure is without merit. Miller v. Duckworth, 963 F.2d 1002, 1005 (7th Cir.1992). Similarly, because prisoners have no liberty interest in freedom from disciplinary segregation, we need not address Slaton's argument that prison officials wrongly placed him on full-dorm restriction for thirteen days without notice. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The outside of the card said, "To someone very nice." The interior said, "Ms. Franksen [sic ], it is hard to find the words thats nice enough for you ... But if these you are reading does what they are supposed to do ... ... Then nobody will have a nicer day than you. From a fan of yours, ?? Guess who?" Enclosed was a "Miss Peach" comic strip featuring a boy and girl seated at schooldesks. In the first frame, the boy said, "[Marsha], I love you. Are you ready to make a commitment?" In the second frame, the girl turned away and replied, "Yes, you. To an institution." Slaton had crossed out the name "Marsha" in the first frame, and written in "Franksen."