85 F.3d 632
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Nawatha SLATON, Petitioner-Appellant,
v.
H. Christian DeBRUYN, et al., Respondents-Appellees.
 No. 95-3140.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1996.*
Decided May 10, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied July 18, 1996.
 
 Before: FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Nawatha Slaton, a state prisoner appearing pro se, sued a variety of prison officials under 42 U.S.C. § 1983. He alleged that disciplinary sanctions depriving him of "good time" credits were imposed in violation of his right to due process. Because Slaton had raised the same claims in an unsuccessful petition for a writ of habeas corpus under 28 U.S.C. § 2254, the district court dismissed the civil rights suit as frivolous under 28 U.S.C. § 1915(d), reasoning that res judicata barred the filing of duplicative claims. We affirm on other grounds.
 
 
 2
 As the district court recognized, this is the second time that Slaton has brought the same claims before a federal court. We rejected those claims when Slaton raised them in a petition for habeas corpus. Slaton v. Miller, No. 94-3178, 1996 WL 80166 (7th Cir. Feb. 21, 1996) (unpublished order). Slaton now maintains that his inability to obtain relief by means of a writ of habeas corpus has forced him to turn to § 1983 for a remedy. Unfortunately for Slaton, such a claim is not cognizable under § 1983.
 
 
 3
 As 1983 claim seeking damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" does not accrue, the Supreme Court teaches, until the conviction has been invalidated. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Under the rationale of Heck, a prisoner may not use a suit for damages arising from an administrative hearing to challenge the lawfulness of the penalty he received at that hearing. Miller v. Indiana Dep't of Corrections, 73 F.3d 330, 331 (7th Cir.1996); but see Balisok v. Edwards, 1995 WL 697245, ** 1 (9th Cir. Nov. 20, 1995), cert. granted, 64 U.S.L.W. 3593 (U.S. April 29, 1996) (No. 95-1352). To determine whether Heck bars a claim for damages arising from a prison disciplinary hearing, we examine "not the relief sought, but the ground of the challenge." Miller, 73 F.3d at 331.
 
 
 4
 Slaton himself concedes that ground of his civil rights suit is identical to his petition for habeas corpus; only the relief varies, since he now seeks damages for mental and emotional injury resulting from being placed in disciplinary segregation and held at a higher security level. Under Miller, such injury is not compensable to Slaton under § 1983 until either the state or a writ of habeas corpus invalidates the result of the disciplinary hearing. See Heck, 114 S.Ct. at 2373 n. 7 ("actual, compensable injury ... does not encompass the 'injury' of being convicted and imprisoned (until [the] conviction has been overturned).") Consequently, because Slaton's cause of action under § 1983 has not accrued, the district court should have dismissed the suit for failure to state a claim under Fed.R.Civ.P. 12(b)(6).
 
 
 5
 Accordingly, we MODIFY the judgment of the district court to dismiss the complaint without prejudice for failure to state a claim, 28 U.S.C. § 2106, and AFFIRM the judgment as modified.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)