633 F.2d 676
 James B. DAVID, Appellant,
v.
The CITY OF SCRANTON; Sayers, Robert H., Individually and in
his capacity as Hearing Officer of the City of Scranton, and
their agents, employees, successors in office and all
persons acting in concert or cooperation with them or at
their direction or under their control.
 No. 80-1458.
 United States Court of Appeals, Third Circuit.
 Submitted Under Third Circuit Rule 12(6) Oct. 17, 1980.
Decided Oct. 29, 1980.
 
 O. Randolph Bragg, Northern Pennsylvania Legal Services, Inc., Scranton, Pa., for appellant.
 John J. Brazil, City Sol., City of Scranton, Scranton, Pa., for appellee.
 Before GIBBONS and ROSENN, Circuit Judges, and WEBER,* District Judge.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge.
 
 
 1
 James B. David is a plaintiff in a civil rights action against the City of Scranton and certain city officials which was resolved in his favor by stipulation. He appeals from an order denying in part his application for the award of attorneys fees. The district court made an award of $740 for services for conducting the underlying litigation, but declined to make an award for the 7.5 hours expended in prosecuting the fee application. The defendants opposed the award of counsel fees on the ground that such an award to a publicly funded legal service organization was improper. The district court properly held that this contention is foreclosed by our decision in Rodriguez v. Taylor, 569 F.2d 1231 (3d Cir. 1977), and the defendants have not appealed from the order making the $740.00 award. However, after having made that award for the litigation, the district court refused to make an award for time spent in litigating the opposed fee application. That refusal is inconsistent with our decisions in Prandini v. National Tea Company (Prandini II ), 585 F.2d 47 (3d Cir. 1978) and Bagby v. Beal, 606 F.2d 411 (3d Cir. 1979). Having made an award of $740 for the underlying litigation, the court should have determined the reasonableness of the additional request and made an additional award.[1] Thus a reversal and remand is required.
 
 
 2
 The plaintiff also contends that the court erred in reducing the $60 hourly rate requested for O. Randolph Bragg, the more experienced of the two attorneys who worked on the case, to $40 an hour. Plaintiff points out that the evidence establishing the reasonableness of the $60 rate is completely unimpeached. Had the $60 figure been used for the lodestar calculation the award for the litigation would total $795. We do not consider this contention insofar as it might increase the $740 award for litigation services, for the notice of appeal puts in issue only denial of an award for time expended in the fee application. But since the question of Mr. Bragg's hourly rate may arise on remand in the latter connection, we observe that on the present record there does not appear to be any justification for reducing the requested hourly rate by one third.
 
 
 3
 The order appealed from will be reversed and the case remanded for a determination of the amount which should be awarded as attorneys fees in pursuing the fee application.
 
 
 
 *
 Honorable Gerald J. Weber, United States District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 The defendant's brief does not seriously defend the Court's ruling. Instead it argues that no award at all should have been made. That argument is foreclosed by the failure to cross appeal, and is in any event foreclosed by the governing case law