

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-1998

# Hernandez v. Kalnowski

Precedential or Non-Precedential:

Docket 97-1734

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Hernandez v. Kalnowski" (1998). *1998 Decisions*. Paper 158.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/158

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 13, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-1734

SERGIO HERNANDEZ,
        Appellant

v.

KALINOWSKI, SGT.; CLEMSON, C.O.; NOVOTNEY, CAPT.;
JOHN DOE, C.O., I; JOHN DOE, C.O., II

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 96-cv-06269)

Argued: May 7, 1998

BEFORE: SCIRICA, COWEN and BRIGHT,*
Circuit Judges

(Filed July 13, 1998)

David Rudovsky, Esq. (Argued)
 and Angus Love, Esq.
Pennsylvania Institutional
 Law Project
924 Cherry Street, Suite 523
Philadelphia, PA 19107
Counsel for Appellant

_____

*Honorable Myron H. Bright, United States Circuit Judge for the 8th
Circuit Court of Appeals, sitting by designation.

John G. Knorr, III, Esq. (Argued)
Office of Attorney General of
Pennsylvania
Department of Justice
Strawberry Square, 15th Floor
Harrisburg, PA 17120

Randall J. Henzes, Esq.
Office of Attorney General of
Pennsylvania
21 South Twelfth Street, Third Floor
Philadelphia, PA 19107
Counsel for Appellees

OPINION OF THE COURT

BRIGHT, Circuit Judge.

This case presents the question whether under the Prison Litigation Reform Act an attorney who has successfully represented a prisoner in a civil rights action is entitled to attorney fees for time spent on the fee petition. This opinion appears to be the first in the United States Courts of Appeal to address this important question which arises under the Prison Litigation Reform Act ("PLRA"), particularly S 803d, 42 U.S.C. S 1997e(d). In addition, appellant Hernandez seeks an increase in the hourly rate for the fees. We reverse on the issue of "fees on fees" and otherwise affirm.

I. BACKGROUND

On November 11, 1994, Sergio Hernandez, an inmate at the State Correctional Institute at Frackville, Pennsylvania, suffered serious injuries when his cellmate stabbed him multiple times with a razor. Hernandez had warned several officers of the Pennsylvania Department of Corrections of his danger prior to the attack, but the officers failed to take reasonable steps to protect him from his cellmate. Hernandez filed suit on September 16, 1996, seeking damages for violation of his Eighth Amendment rights.

2

The district court held a bench trial on May 27, 1997. The court granted judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure against several of the defendants. On May 30, 1997, after announcing its findings of fact and conclusions of law, the court entered a $17,500 judgment against defendant Sergeant Andrew Kalinowski. Angus R. Love ("Love") represented Hernandez throughout the proceedings. Love initially informally requested costs and attorney's fees from Kalinowski, but Kalinowski rejected the request. Hernandez then formally moved the district court to award attorney's fees and costs, requesting a total of $22,680.90.

The district court determined that Love was entitled to attorney's fees under the traditional auspices of 42 U.S.C. S 1988 as a "prevailing party." See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791–92 (1989). The district court noted, however, that the PLRA limits fee awards in prisoner cases to those instances where "the fee was directly and reasonably incurred in proving an actual violation of the plaintiff 's rights . . .." 42 U.S.C. S 1997e(d)(1)(A). Thus, the district court examined Love's fee request and applied the lodestar analysis to calculate the amount of "direct and reasonable" fees. See Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). Specifically, the district court multiplied (1) the number of hours reasonably expended on the action by (2) the reasonable hourly rates to reach the "lodestar." See id.

First, the district court determined the applicable reasonable hourly rates by applying the statutory scheme provided under 42 U.S.C. S 1997e(d)(3), to reach $67.50 for Love's out-of-court services and $97.50 for his in-court services. Second, the district court calculated the reasonable time expended. The court concluded that an across-the-board reduction of 10% applied to Love's fees because Hernandez did not succeed on his claims against two of the defendants. See Hensley v. Eckerhart, 461 U.S. 424, 440 (1983) (noting that an overall reduction in the fee is appropriate where the plaintiff achieved "only limited success"). Furthermore, the district court completely denied Love's fees for time spent preparing the fee petition concluding that the PLRA did not authorize fees for preparing a fee petition.

3

The court ultimately awarded Hernandez a total of $10,131.64 to pay Love's fees and $554.00 to pay costs. Hernandez appeals this award, challenging both the applicable hourly rates and the court's denial of fees relating to the fee petition. We give plenary review to the statutory construction of the PLRA. Chrysler Credit Corp. v. First Nat'l Bank & Trust Co., 746 F.2d 200, 202 (3d Cir. 1984).

Hernandez argues the district court erred when it denied him fees for the time Love spent preparing the fee petition. Generally, under the Civil Rights Attorney's Fees Awards Act of 1976 ("CRAFAA"), 42 U.S.C. S 1988, fees for preparing a motion requesting costs and fees, or "fees on fees," are recoverable. Hernandez v. George, 793 F.2d 264, 269 (10th Cir. 1986). The purpose of the CRAFAA is to ensure effective access to the judicial process for persons with civil rights claims, and to encourage litigation to enforce the provisions of the civil rights acts and constitutional civil rights provisions. Thus, courts consistently have interpreted fee shifting statutes, including the CRAFAA, to provide for reasonable fees for all time spent in the vindication of statutory or constitutional rights, including fees related to the preparation and litigation of motions for attorney's fees under the Act.1

The district court concluded, however, that the PLRA does not explicitly authorize an award for "fees on fees." The relevant portion of the PLRA reads:

> (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that --

_____

1. See, e.g., Student Pub. Interest Research Group of New Jersey v. AT&T Bell Labs., 842 F.2d 1436, 1455 (3d Cir. 1988); Prandini v. Nat'l Tea Co., 585 F.2d 47, 53 (3d Cir. 1978); Glass v. Pfeffer, 849 F.2d 1261, 1266 (10th Cir. 1988); Hernandez v. George, 793 F.2d at 269; Clark v. City of Los Angeles, 803 F.2d 987, 992 (9th Cir. 1986); Lund v. Affleck, 587 F.2d 75, 77 (1st Cir. 1978); Souza v. Southworth, 564 F.2d 609, 614 (1st Cir. 1977).

4

(A) The fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and

(B)(I) the amount of the fee is proportionately re lated to the court ordered relief for the violation; or

(ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

PLRA S 803(d), 42 U.S.C. S 1997e(d). The district court concluded that Congress failed to explicitly provide for fee petition awards within the plain language of the PLRA and therefore "fees on fees" are not recoverable. We reject this interpretation.

II. DISCUSSION

A. Attorney's Fees for Time Spent Preparing the Fee Petition

We first examine the language of the statute. Although the phrase "fees on fees" appears nowhere within 42 U.S.C. S 1997e(d)(1), the PLRA provides for fees which are "directly and reasonably incurred in proving an actual violation of the plaintiff's rights" and are either "proportionately related to the court ordered relief for the violation; or . . . directly and reasonably incurred in enforcing the relief ordered . . . ." Thus, the key is determining if "fees on fees" are included within the meaning of fees "directly and reasonably incurred in proving an actual violation of the plaintiff 's rights . . . ." See PLRAS 803(d), 42 U.S.C. S 1997e(d)(1).

In our view, fees for time spent in preparing a fee petition are included within the meaning of "fee[s] directly and reasonably incurred in proving an actual violation .. . ." Otherwise the attorney's fee to which he or she is entitled by law is in fact diminished. For example, assume a plaintiff succeeds on the merits of a civil rights claim and, in doing so, incurs $10,000 in "direct and reasonable" costs and attorney's fees. That fee represents the attorney's time expended. Further assume that the plaintiff's attorney is forced to spend an additional $2000 in time to compel the

5

defendant to pay the $10,000 costs and fees owed. If the plaintiff is not allowed to recover the "fees on fees," the plaintiff would not receive the $2000 to pay the attorney. In the case of an impecunious plaintiff, as most prisoners are, the end result would be that the attorney would in fact receive a fee based on time that is less than that authorized by law. To avoid this erosion of an award of attorney's fees, courts have traditionally interpreted S 1988 to allow for "fees on fees" to guarantee a full recovery of fees.

General rules of statutory construction support reading the PLRA to provide for "fees on fees." First, Congress must clearly express its intent to change a well-established common law construction. Bauers v. Heisel, 361 F.2d 581, 587 (3d Cir. 1966) (en banc). As previously stated, courts consistently have construed the Civil Rights Acts to provide for "fees on fees" despite the absence of clear Congressional directives within those Acts. See Commissioner, I.N.S. v. Jean, 496 U.S. 154 (1990) (construing the Equal Access to Justice Act to entitle successful plaintiffs to "fees on fees"). The language of 42 U.S.C. S 1988(b) provides for fees "[i]n any action . . . to enforce a provision of section[ ] . . . 1983 . . . ." This language which has allowed for "fees on fees" does not differ significantly from the language in the PLRA authorizing fees for proving an actual violation. In passing the PLRA, Congress knew that fee petitions are a necessary predicate to a fee award and that the courts have interpreted S 1988 to allow for reimbursement for fees for the work done on fee petitions. If Congress did not intend for attorneys to be fully compensated for their work on civil rights claims for prisoners, Congress needed to explicitly express an intent to change the established construction to authorize the diminishment of actual fees by not compensating attorneys for time (which to a lawyer is money[2]) spent proving the right to attorney's fees.

Second, "fees on fees" must be included in 42 U.S.C. S 1997e(d)(1) under another rule of statutory interpretation, the whole act rule. The whole act rule directs that "[w]hen
_____

2. Benjamin Franklin in advice to a young tradesman said, "Remember time is money." Bartlett's Familiar Quotations 348 (Emily Morison Beck ed., 15th ed. 1980).

`interpreting a statute, the court will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute (or statutes on the same subject) and the objects and policy of the law, as indicated by its various provisions, and give to it such a construction as will carry into execution the will of the Legislature . . . .' " Kokoszka v. Belford, 417 U.S. 642, 650 (1974) (quoting Brown v. Duchesne, 19 How. 183, 194 (1857)). "Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997); see also 141 Cong. Rec. S14419 (daily ed. Sept. 27, 1995) (statement of Sen. Abraham). At the same time, Congress preserved the rights of prisoners with valid claims to have access to an attorney and seek legal redress for meritorious claims by including the provision for attorney fees. This case was not frivolous. The result establishes that the prisoner's complaint had substantial merit. Nothing in the legislative history suggests that Congress intended to deter meritorious claims. Thus, an interpretation allowing "fees on fees" for meritorious claims serves Congress' intent.

If "fees on fees" are not allowed under the PLRA, defendants will have an incentive to refuse to pay fees until formally ordered by a court. Defendants would be encouraged to create further litigation over fees that they rightfully owe to plaintiffs, and parties would be discouraged from settling such matters amongst themselves. Thus, disallowing plaintiffs to collect "fees on fees" would directly contravene the Congressional purpose behind the PLRA of minimizing frivolous litigation, and preserving judicial resources for meritorious claims. See Hensley, 461 U.S. at 437 ("A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee."). Thus, under the whole act rule, Congress must have intended to entitle successful plaintiffs to receive "fees on fees."

Within the context generally of Civil Rights Acts awarding "fees on fees," the language of the PLRA would seem to provide for these types of fees also. In the ordinary civil rights case, a prevailing plaintiff has a right to collect

7

attorney's fees and costs. The provisions for fees, for example under S 1988, are not self-effectuating. Litigation of fee petitions often becomes necessary to enforce that right. Similarly in prisoner civil rights cases, in order to prevent a defendant from effectively eroding the amount a plaintiff and his or her attorney ultimately collect, and to minimize unnecessary and frivolous litigation that may arise over fee awards, S 1997e(d)(1) of the PLRA must be interpreted to include "fees on fees."

B. Appropriate Hourly Rate

The district court correctly determined that the applicable hourly rates are $97.50 for in-court work and $67.50 for out-of-court work for attorney Love. According to 42 U.S.C. S 1997e(d)(3), the "reasonable" hourly rate for prisoner civil rights litigation cannot be "an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18, for payment of court-appointed counsel." Id. Section 3006A(d)(1) of Title 18 establishes rates of $60 per hour for in-court time and $40 per hour for out-of-court time "unless the Judicial Conference determines that a higher rate of not in excess of $75 per hour is justified for a circuit . . . ." The rate established in the Eastern District of Pennsylvania is $65 per hour for in-court time and $45 per hour for out-of-court time for court-appointed counsel. Thus, applying the 150% maximum, the appropriate rates are $97.50 for Love's in-court services and $67.50 for Love's out-of-court services.

Hernandez claims that Love should be reimbursed at a rate of $187.50 based on the amount provided under 21 U.S.C. S 848(q)(10)(A) for court-appointed counsel in capital cases.3 Hernandez argues that PLRA sets an hourly cap on attorney's fees set out at 18 U.S.C. S 3006A and the most logical reading of the statute would be to look at the highest rate allowed under S 3006A. Hernandez contends that S 3006A references a plan created by district courts and
_____

3. Kalinowski argues that this argument should be rejected because Hernandez did not raise the argument at the district court. We note that this court ordinarily does not entertain issues raised for the first time on appeal. See Kneipp v. Tedder, 95 F.3d 1199, 1211 n.25 (3d Cir. 1996). Nevertheless, we will decide this argument on its merits.

that 21 U.S.C. S 848 states that the plan can authorize payments to attorneys who represent defendants in capital cases in an amount exceeding that provided in S 3006A. We reject Hernandez's argument. 18 U.S.C. S 3006A does not cross-reference 21 U.S.C. S 848 and the statutes on their face are independent of one another. The plain reading of 18 U.S.C. S 3006A(d)(1) establishes the hourly rate for court-appointed attorneys in the Eastern District of Pennsylvania, per adjustment by the United States Judicial Conference, at $65 per hour for in-court time and $45 per hour for out-of-court time.

Alternatively, Hernandez argues that the applicable rate for Love's time should be $112.50 an hour. He argues that the United States Judicial Conference recently adjusted the rates in the Eastern District of Pennsylvania to $75 per hour for both in- and out-of-court time, and applying the 150% limitation results in a rate of $112.50. We disagree with Love. Due to federal budgetary constraints, that rate was not yet implemented at any time during this litigation. Thus, we conclude the rates of $65 and $45 remain in force and apply in this case, and applying the 150% maximum, the appropriate rates are $97.50 for in-court services and $67.50 for out-of-court services.

III. CONCLUSION

For the foregoing reasons, we affirm the district court with respect to the hourly rate it used to calculate Love's reasonable fees. We reverse and remand to the district court with instructions to award Hernandez costs and fees for Love's time spent preparing and litigating the fee petition, including the reasonable time spent to appeal this issue.

9

COWEN, Circuit Judge, concurring in part, dissenting in part.

I join in Part II.B of the majority's opinion, which establishes the hourly rate for court-appointed attorneys in the Eastern District of Pennsylvania during the time period at issue in this case. Nonetheless, I am constrained to dissent from Part II.A of the majority opinion since I believe that attorney's fees and costs associated with the preparation and litigation of a fee application are not recoverable under the PLRA because they are not "directly and reasonably incurred in proving an actual violation of the plaintiff's rights . . . ." 42 U.S.C. S 1997e(d)(1)(A). I would therefore affirm the district court's judgment in all respects.

Title 42 U.S.C. S 1988(b) provides that in federal civil rights actions "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Although this statute does not explicitly authorize the recovery of attorney's fees for time spent in preparing and litigating a fee petition, we have consistently held that such fees are recoverable under section 1988 and other similar fee-shifting provisions. See, e.g., Student Pub. Interest Research Group of New Jersey v. AT & T Bell Labs., 842 F.2d 1436, 1455 (3d Cir. 1988) (Clean Water Act); David v. City of Scranton, 633 F.2d 676, 677 (3d Cir. 1980) (Section 1988); Prandini v. Nat'l Tea Co., 585 F.2d 47, 53 (3d Cir. 1978) (Title VII). In Prandini, we reasoned that such an award was justified because

> the time expended by attorneys in obtaining a reasonable fee is justifiably included in the attorney's fee application, and in the court's fee award. If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased. Recognizing this fact, attorneys may become wary about taking Title VII cases, civil rights cases, or other cases for which attorney's fees are statutorily authorized. Such a result would not comport with the purpose behind most statutory fee authorizations, Viz, the encouragement of attorneys to represent indigent clients and to act as

10

        private attorneys general in vindicating congressional
        policies.

585 F.2d at 53 (citations omitted).

However, the broad language of section 1988 must now
be read in conjunction with the PLRA, which took effect on
April 26, 1996. Consequently, in prisoner civil rights cases,
attorney's fees "shall not be awarded, except to the extent
that . . . the fee was directly and reasonably incurred in
proving an actual violation of the plaintiff's rights protected
by a statute pursuant to which a fee may be awarded under
section 1988 of this title . . . ." 42 U.S.C.S 1997e(d)(1)(A).

Contrary to the majority's holding, I believe that the
attorney's fees and costs associated with preparing and
litigating a fee petition are not "directly and reasonably
incurred in proving an actual violation of the plaintiff's
rights protected by a statute . . . ." Indeed, the Supreme
Court has repeatedly observed that attorney-fee
determinations are "collateral to the main cause of action
and uniquely separable from the cause of action to be
proved at trial." Landgraf v. USI Film Prods., 511 U.S. 244,
277 (1994) (internal quotation marks omitted); see also
Budinich v. Becton Dickinson & Co., 486 U.S. 196 (1988)
("[W]e think it indisputable that a claim for attorney's fees
is not part of the merits of the action to which the fees
pertain. Such an award does not remedy the injury giving
rise to the action . . . ."); White v. New Hampshire Dep't. of
Employment Sec., 455 U.S. 445, 451-52 (1982) ("Nor can
attorney's fees fairly be characterized as an element of
`relief ' indistinguishable from other elements. Unlike other
judicial relief, the attorney's fees allowed under S 1988 are
not compensation for the injury giving rise to the action.").
Thus, when Congress distinguished in the PLRA between
work on the merits and work on fees, it was following a
path already well-marked by the courts. Work on a fee
petition is not work done "in proving an actual violation of
. . . rights" within the meaning of section 1997e(d)(1)(A),
and the district court was correct to disallow any such fees.
I must respectfully dissent on this issue.

11

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit