

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2007

# Jackman v. McMillan

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2474

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jackman v. McMillan" (2007). *2007 Decisions.* Paper 1273.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1273

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2474
_____

DONALD G. JACKMAN, JR.,

Appellant

v.

CAROL A. MCMILLAN; BONNIE M. SCHEERBAUM; DENNIS RICKARD; TIM
MCCUNE; JOHN R. HEVEY II; SUEANN WEIDNER; EDWARD W. JACKMAN;
BILL BIRCKBICHLER

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 06-cv-00051)
District Judge: Honorable Maurice B. Cohill
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 21, 2006

Before: MCKEE, FUENTES AND ROTH, <u>CIRCUIT JUDGES</u>

(Filed: April 17, 2007)

_____

OPINION
_____

PER CURIAM

Donald Jackman appeals from the district court's order, entered April 12, 2006,

dismissing his complaint for failure to state a claim upon which relief may be granted.

<u>See</u> 28 U.S.C. 1915(e)(2)(B)(ii).  For the following reasons, we will summarily affirm the district court's decision.

In March 2006, Jackman, a prisoner, filed a complaint, in forma pauperis, against various individual defendants including Carol A. McMillan, with whom he formerly shared a residence, six additional private individuals,[1] Dennis Rickard, Butler County Sheriff, and Tim McCune, an apparent Butler County official.  Jackman alleged violations of various federal laws by the parties of which 42 U.S.C. § 1983 is most pertinent.[2]  In his complaint, Jackman claimed that commencing in March 2000, and continuing thereafter until March 2004, numerous valuable personal items which he owned, or jointly owned with McMillan, were disposed of without his authority or permission and without his receiving any proceeds from the sales.[3]  In an attempt to

---

[1] Most of these individuals were involved to some degree in an auction of Jackman's property which we describe in further detail *infra*.

[2] In his complaint, Jackman also claimed that the following federal statutes were violated: 42 U.S.C. § 1981(a), 42 U.S.C. § 1982, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1987, and 42 U.S.C. § 1988(a-c).  These additional claims, though possibly not requiring an inquiry into the presence of state action, are plainly inapplicable because Jackman has not alleged any private acts of racial discrimination, see <u>Young v. Int'l Tel. & Tel. Co.</u>, 438 F.2d 759, 760 (3d Cir. 1971)(construing §§ 1981 and 1982), invidious class-based discriminatory animus, see <u>Farber v. City of Paterson</u>, 440 F.3d 131, 134-43 (3d Cir. 2006)(construing § 1985(3)), knowledge of a § 1985 conspiracy, see <u>Clark v. Clabaugh</u>, 20 F.3d 1290, 1295 (3d Cir. 1994)(construing 42 U.S.C. § 1986), or a civil rights act violation, see <u>Hernandez v. Kalinowski</u>, 146 F.3d 196, 199 (3d Cir. 1998)(construing § 1988).  Thus, we confine our analysis to § 1983.

[3] Jackman specifically alleged that McMillan acting alone, or in concert with others, conducted an auction in March 2004 disposing of much of his personal property without approval.  Jackman claimed that the value of this property exceeded $260,000.

prevent the unauthorized loss of this property, Jackman stated that "weeks prior to and almost two years after auction[,] attempts were made to resolve this matter thru [sic] the Butler County DA's Office and the Sheriff's Office," but to no avail. Importantly, as clarified in Jackman's objections to the magistrate judge's report and recommendation ("report and recommendation"), there was "'NO' Sheriff's sale or order by any court to dispose of the property in question." Rather Jackman's attempts to enlist the help of the Sheriff and McCune were met merely with inaction.[4]

In accordance with the substance of the report and recommendation, the district court dismissed Jackman's complaint, under Fed R. Civ. Proc. 12(b)(6), because Jackman failed to state a claim upon which relief could be granted pursuant to § 1983. See 28 U.S.C. § 1915(e)(2)(B)(ii). Jackman filed a timely notice of appeal.[5]

We agree with the district court that Jackman cannot make out a prima facie claim under § 1983. A § 1983 claim must be based on a right secured by the Constitution and laws of the United States. See 42 U.S.C. § 1983. Further, "[t]o make out a prima facie case under § 1983, the plaintiff must demonstrate that a person, acting under color of law,

---

[4] Though the district court stated that Jackman alleged that the "Sheriff proceeded with the sale of plaintiff's asserts with knowledge that he was unauthorized to do so," it is clear from Jackman's objection that the Sheriff was not actually involved in the auction of his property and thus merely failed to prevent it from occurring.

[5] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We possess the option to summarily affirm the district court's decision pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6.

deprived him of a federal right." Berg v. County of Allegheny, 219 F.3d 261, 268 (3d

Cir. 2000)(citing Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995)).

Under the circumstances related in his complaint, Jackman cannot show the

deprivation of a constitutional right through state action because his claims amount to

nothing more than inaction on the part of the public officials. "If . . . conduct satisfies the

state action requirement of the Due Process Clause, then it also qualifies as action 'under

color of state law' for § 1983 purposes." Abbott v. Latshaw,  164 F.3d 141, 145 (3d Cir.

1998).  Governmental defendants, however,

> normally can be held responsible for a private decision only when it has
> exercised coercive power or has provided such significant encouragement,
> either overt or covert, that the choice must in law be deemed to be that of
> the State. [] Mere approval of or acquiescence in the initiatives of a private
> party is not sufficient to justify holding the State responsible for those
> initiatives under the terms of the Fourteenth Amendment.

Blum v. Yaretsky, 457 U.S. 991, 1004-05 (1982)(internal citations omitted); see also

Abbott, 164 F.3d at 147 (holding that affirmative intervention and aid in a private

repossession constitutes a sufficient basis for a reasonable trier of fact to find that a law

enforcement officer played a role in violating a claimant's constitutional rights).  As

Jackman himself alleged, the auction of his property was neither affirmatively assisted

nor conducted by either the Sheriff or McCune and, at most, they merely failed to act

upon Jackman's protestations; thus, the actions of both could not assume the character of

state action.[6]  See Abbott, 164 F.3d at147.

Given our preceding discussion, we find that there was no need to provide Jackman an opportunity to further amend his complaint because, under the facts as clarified by Jackman in additional filings, any further amendment to Jackman's complaint would prove futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); see also Shane v. Fauver, 213 F.3d 113, 115-16 (3d. Cir. 2000).  Jackman filed an objection to the report and recommendation of the magistrate judge and a supplement to that objection.  We have relied upon these documents, combined with Jackman's original complaint, in our description of the facts of this case and they have only served to further clarify the futility of Jackman's allegation.  Cf. Marran v. Marran, 376 F.3d 143, 156 n.4 (3d Cir. 2004).

Because this appeal presents us with no substantial question, we will summarily affirm the district court's order.  See Third Circuit LAR 27.4 and I.O.P. 10.6.

---

[6] We note that, in some situations, private defendants may be classified as state actors, pursuant to §1983, if they conspire with state actors to deprive a claimant of his constitutional rights.  See Abbott, 164 F.3d at 147-48.  Significant concerted action, however, must exist between state actors and a private individual in order to merit such a characterization; thus, given our disposition on the issue of state action on the part of the named officials in this case, we cannot find state action on behalf of the private individuals named in Jackman's complaint.