**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

JIMMY SINAJINI, BILL JOE
SINAJINI, JOE LEE BEGAY, and
HERBERT BEGAY, minors, through
their parents and/or guardian, LENA
BEGAY; CECIL VIJIL, SHIRLEY
VIJIL, CLARA LAMEMAN, through
their parent and/or guardian, LEONA
VIJIL; HOLLY NEZ, HOWARD NEZ,
and HANNAH NEZ, minors, through
their parent and/or guardian, MARION
NEZ; GILBERT ROCKWELL and
LINDA ROCKWELL, minors, through
their parent and/or guardian, LENA
ROCKWELL; EDITH BIGMAN,
JUANITA BIGMAN, and DOROTHY
BIGMAN, minors, through their
parent and/or guardian, SETH
BIGMAN; ANTHONY DEE, minor,
through his parent and/or guardian,
GRAY DEE; HOWARD HOLIDAY
and PETER HOLIDAY, minors,
through their parent and/or guardian,
TEDDY HOLIDAY; HAROLD VIJIL,
ALFRED VIJIL, minors, through their
parent and/or guardian, TULLY VIJIL;
FERRELL COLLINS, SHERRIL
COLLINS, and ILENE COLLINS,
minors, through their parent and/or
guardian, MARTHA COLLINS;
SARAH BILLY and BRENDA
BILLY, minors, through their parent
and/or guardian, JOHN BILLY;
LEROY ATCITTY; PATRICIA
DENNISON, a minor, through her

No. 99-4130

parents TOM DENNISON and ARLENE DENNISON; JIMMY GOODMAN, JR. and GILBERT WOODMAN, minors, through their parents and/or guardians, LUCY GOODMAN and JIMMY GOODMAN; ELAINE WILLIAMS and LORINDA WILLIAMS, minors, through their parent and/or guardian, MARY ANN WILLIAMS; THE RED MESA CHAPTER OF THE NAVAJO TRIBE; and THE OLJATO CHAPTER OF THE NAVAJO TRIBE,

Plaintiffs - Appellants,

and

UNITED STATES OF AMERICA; NAVAJO NATION, ANETH CHAPTER; NATASHA LIVINGSTON; DAWNY CLARK, NATHAN CLARK, AND LATOYA CLARK, minors, through their parent and/or guardian, SHERRILL CLARK,

Plaintiffs-Intervenors,

v.

BOARD OF EDUCATION OF THE SAN JUAN SCHOOL DISTRICT; DAVID ADAMS, MAXINE NIELSON, HAROLD LYMAN, TOM HOLIDAY, and ROBERT BILLIE, all individually and as members of the Board of Education of the San Juan School District; KENNETH MAUGHAN, individually and as

Superintendent of the San Juan School District; THE SAN JUAN COUNTY COMMISSION; DALE HOLMES, individually and as Chairman of the San Juan County Commission; WILLIAM G. DUNOW, and CASE E. BRODERICK, individually and as commissioners of the San Juan County Commission; UTAH STATE BOARD OF EDUCATION.

Defendants-Appellees.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 74-CV-346-S)**

---

Donald J. Winder of Winder & Haslam, P.C., Salt Lake City, Utah (Trystan B. Smith of Winder & Haslam; Eric P. Swenson, Salt Lake City, Utah; and Therese E. Yanan, DNA People's Legal Services, Inc., Shiprock, New Mexico, with him on the briefs), for Plaintiffs-Appellants.

Brinton R. Burbidge of Burbidge, Carnahan, Ostler & White, Salt Lake City, Utah (Randy T. Austin of Kirton & McConkie, Salt Lake City, with him on the brief), for Defendants-Appellees.

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

This appeal is about the scope and amount of an attorney fee award granted

-3-

pursuant to 42 U.S.C. § 1988(b). The district court determined that Plaintiffs had partially prevailed in litigating their civil rights claims and awarded a reduced amount of fees and costs. Plaintiffs appeal, contending that the award was unreasonably limited.

In 1974, Appellants brought a class action under 42 U.S.C. § 1983, alleging that the San Juan County School District denied equal educational opportunities to Native Americans on the basis of race. In 1975, the parties reached agreement and entered a comprehensive consent decree. The decree imposed various legal duties upon the school district, including obligations to construct and renovate educational facilities, reimburse parents for travel expenses, operate bus routes, allocate expenditures fairly, and implement bilingual-bicultural awareness programs. See Appellees' App. at 7-27.

In 1992, Appellants alleged noncompliance and filed a motion to enforce the decree. Appellants made additional allegations that called into question the school district's duty to provide educational services for Native Americans living on a remote part of the reservation and also the school district's duty to provide special education programs. The district court limited the immediate proceeding to the enforcement of the 1975 decree, striking multiple paragraphs from Appellants' pleadings that were based on facts outside the scope of the decree. Consequently, in order to litigate all their claims, Appellants maintained this

enforcement proceeding, pursued two separate actions, and prepared to intervene in a third discrimination action to be filed by the United States.

In the action concerning the education of children living on a remote part of the reservation, the district court concluded that the school district has a legal duty to provide educational services. See Meyers v. Bd. of Educ. of San Juan, 905 F. Supp. 1544, 1578 (D. Utah 1995). Respondents assert in their brief that they agreed to pay $185,000 in fees to Appellants, who "secured essentially the relief they sought" in that litigation. Appellants' Br. at 7. In the action concerning discrimination in special education programs, Appellants voluntarily dismissed their claims because the parties were addressing those issues as part of their comprehensive dispute resolution efforts. See Chee v. Bd. of Educ. of San Juan, No. 2:94-CV-0386. The third discrimination action–to be filed by the United States–was contemplated and prepared by Appellants but never filed.

In 1997, dispute resolution efforts culminated in a formal agreement and the district court entered a new consent decree that explicitly superseded the 1975 instrument. See Sinajini v. Bd. of Educ. of San Juan, 964 F. Supp. 319, 321 (D. Utah 1997). Appellants, who view the new agreement as an omnibus resolution of their multiple and varied claims, filed an application for fees and costs pursuant to 42 U.S.C. § 1988(b). The district court, relying primarily on the fact that the proceedings had been previously limited to the enforcement of the 1975

decree, granted limited fees and costs. See Sinajini v. Bd. of Educ. of San Juan, 47 F. Supp. 2d 1316, 1320-21, 1327-28 (D. Utah 1999). This appeal followed.

Appellants contend that the district court erred by refusing to award fees and costs on multiple claims resolved by the 1997 decree. Title 42 U.S.C. § 1988(b) authorizes reasonable attorney's fees for a prevailing party. "[W]e review an attorney's fee award under 42 U.S.C. § 1988(b) for an abuse of discretion." Robinson v. City of Edmond, 160 F.3d 1275, 1280 (10th Cir. 1998). In this case, we hold that the district court abused its discretion by limiting the attorney fee award to issues pled when the court had entered judgment on a negotiated settlement that was larger in scope than the pleadings had been. Although the court acknowledged that the resolution of the Chee litigation and the anticipated action by the United States were both "subjects of the 1997 Agreement," the court limited the scope of the award to allegations contained in the pleadings and excluded any other issue. Sinajini, 47 F. Supp. 2d at 1320-21. This limitation is unreasonable because it belies the nature of the settlement process wherein a party might prevail on claims that were previously stricken. That was the case here.

Although the district court recognized that the Chee case was subject to the 1997 decree, the court instructed Appellants to "file any request for costs and attorney fees incurred in Chee with the Chee case." Sinajini, 47 F. Supp. 2d at

1320-21. The consent decree that the court entered judgment on, however, provided for uniform resolution "concerning costs and attorney[] fees in connection with the Chee and Sinajini litigation and the pending United States' matters." Appellants' App. at 129 n.4. Because the parties had negotiated this arrangement and the court had approved it, we direct the district court on remand to make a uniform resolution on the question of attorney's fees and costs.

In their brief, Appellants suggest that they are entitled to additional fees for having confirmed the holding of the Meyers case. We reject this argument summarily because it appears to be made for the first time on appeal and also because the provision in the 1997 decree that addresses fees and costs does not address Meyers. We also summarily reject Appellants' assertion that they are entitled to fees for monitoring the enforcement of the new decree. We have reviewed the record and conclude that Appellants have failed to meet their burden of proving that monitoring efforts are necessary. See Joseph A. v. New Mexico Dep't of Human Servs., 28 F.3d 1056, 1060 (10th Cir. 1994).

Whether Appellants prevailed on claims pursued in the enforcement proceeding, in the Chee litigation, or on issues contained in the anticipated action by the United States are ultimately mixed questions of law and fact. We review factual findings for clear error, and we review the application of legal standards de novo. See Robinson v. City of Edmond, 160 F.3d at 1280 (citing Jane L. v.

Bangerter, 61 F.3d 1505, 1509 (10th Cir. 1995)). We have reviewed the Order granting limited attorney fees and costs and conclude that the district court analyzed whether Appellants prevailed under an erroneous legal standard.

The Supreme Court has articulated the applicable legal standard. "In short, a plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992). Further, as the district court noted, parties "may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)). It is well established that a party may prevail through a settlement embodied in a consent decree. See Maher v. Gagne, 448 U.S. 122, 129 (1979). When correctly analyzed under the appropriate legal standard, Appellants prevailed to a greater extent than the district court's Order acknowledged. The court erred when it conflated the Farrar standard with a more exacting and inapplicable two-part "catalyst test." See Sinajini, 47 F. Supp. 2d at 1322.

The district court stated: "[W]hen there has been no adjudication, the Tenth Circuit applies a two-part catalyst test." Id. (quotations omitted). That

states the application too broadly. Rather, the Tenth Circuit uses the catalyst test to determine whether a party prevailed when the relief pursued eventuates but there is "no final judicial determination." See Foremaster v. City of St. George, 882 F.2d 1485, 1488 (10th Cir. 1989); see also Beard v. Teska, 31 F.3d 942, 945 (10th Cir. 1994) (final judgment had been withdrawn). The purpose of the catalyst test is to prove a connection between a lawsuit and an eventual change in a party's conduct in cases where that connection is not proven presumptively by a final judgment. The catalyst test bridges a gap that does not exist when a judgment is in effect. A judgment is in effect here, and the catalyst test does not apply.

Taking the catalyst test out of context, the district court examined whether Appellants' lawsuit (as pled) was causally linked to the relief obtained and whether the school district's conduct under the consent decree would be otherwise required by law.[1]  See Sinajini, 47 F. Supp. 2d at 1322-27. Using that test, the court determined that Appellants prevailed on only one claim:  "for expansion, renovation, and improvement of the two secondary schools . . . ." Id. at 1326. That, however, is not the test articulated in Farrar. On remand, the district court must reevaluate whether the 1997 consent decree modified the school district's

---

[1]We observe that the district court's interpretation of the catalyst test results in a strict adherence to the language of the pleadings, which interpretation we do not ratify.

-9-

behavior in additional ways that benefitted Appellants.

For example, the 1997 decree altered the parties' relationship by creating committees of experts empowered to make recommendations about school district programs. See Sinajini, 47 F. Supp. 2d at 1326-27. The school district accepted formal obligations regarding the free exchange of information and accounting procedures, both of which alter the way the parties conduct business. The school district agreed to use their best efforts to obtain funding for construction of an elementary school. Although the school district is not obligated to construct that facility, the parties' relationship has been altered by imposition of an enforceable legal standard, "best efforts." See Firefighters v. Stotts, 467 U.S. 561, 574 (1984); Coors Brewing Co. v. Molson Breweries, 51 F.3d 1511, 1513 (10th Cir. 1995). Throughout its brief the school district contends that, notwithstanding such alterations, their behavior is not modified by the decree because they retain the final decision-making authority on questions of district programs. That response does not suffice because the district agreed to alter the processes through which it approaches that decision-making, and such alterations can be material and of benefit to Appellants.

After reconsidering the extent to which Appellants prevailed, the district court must reexamine whether Appellants obtained excellent results or only limited success. When a party has obtained substantial relief, "the fee award

should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." Hensley, 461 U.S. at 435. The district court explained that some claims were "not so related to the successful claim that they should be compensable . . . ." Sinajini, 47 F. Supp. 2d at 1328. The Supreme Court, however, excluded claims "distinct in all respects from [] successful claims." Hensley, 461 U.S. at 440. That less restrictive standard must be utilized in determining whether certain claims are unrelated to the pursuit of the ultimate result achieved.

The district court determined that Appellants prevailed on "a significant claim," but concluded that "it was only one of approximately 21 claims for relief, so the plaintiffs achieved only limited success in view of the entire litigation." Sinajini, 47 F. Supp. 2d at 1328. However, "[s]uch a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Hensley, 461 U.S. at 435. Whether a party prevails is ultimately an exercise of judgment that is fundamentally qualitative, not quantitative. See Jane L. v. Bangerter, 61 F.3d 1505, 1511 (10th Cir. 1995). Having outlined the appropriate legal standards, we leave that judgment to the district court to exercise in the first instance.

The final step of the analysis requires the district court to determine a

lodestar figure by making a calculation of hours reasonably expended. See Jane L., 61 F.3d at 1509-1510. The district court did not calculate a lodestar. Instead, because the district court determined that Appellants had prevailed on one of twenty-one claims, the court awarded Appellants one twenty-first of the total hours worked plus any hours actually spent on that claim. Appellant's App. at 154. When recalculating the award, the court must calculate the hours reasonably expended in light of the results achieved and use that as the lodestar for the final award.

We REVERSE and REMAND for recalculation of attorney's fees and costs.