**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HERMAN CHEE, SR.; JULIE CHEE,
Taylor Chee, Herman Chee, Jr., and
Araidena Chee, by and through their
parents and general guardian, Herman
Chee, Sr., and Julie Chee,

     Plaintiffs-Appellants,

and

ERIC P. SWENSON; THERESE E.
YANAN; DONALD J. WINDER;
WINDER & HASLAM, P.C.,

     Appellants,

v.

BOARD OF EDUCATION OF THE
SAN JUAN SCHOOL DISTRICT;
UTAH STATE BOARD OF
EDUCATION,

     Defendants-Appellees.

No. 00-4004

(D.C. No. 94-CV-386)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

   * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BRISCOE, PORFILIO,** Circuit Judges, and **MARTEN** , District Judge [**].

_____

Plaintiffs appeal the district court's denial of their motion to reopen and modify the judgment of voluntary dismissal in order to ensure the record in Chee reflected the terms of the settlement agreement, and the denial of their motion for reconsideration of their application for attorney fees. We dismiss the appeal as moot and remand with directions to vacate.

In 1974, a class action was brought against the San Juan County School District, alleging that the District denied equal educational opportunities to Native Americans. See Sinajini v. Bd. of Ed. of San Juan County Sch. Dist. , 47 F. Supp. 2d 1316, 1318 (D. Utah 1999). The present case was filed by various members of the class to pursue separate claims regarding special education against the District. Sinajini was resolved by consent decree in 1997. The consent decree included the Chee plaintiffs and provided they would voluntarily dismiss their claims. Sinajini v. Bd. of Ed. of San Juan County Sch. Dist. , 964 F. Supp. 319, 321 (D. Utah 1997). The district court dismissed the Chee action without prejudice, pursuant to the parties' stipulation.

Counsel in the Chee action, who were also counsel in the Sinajini action,

_____

[**] The Honorable J. Thomas Marten, United States District Judge, District of Kansas, sitting by designation.

requested attorney fees for their work in Chee as part of the overall request for attorney fees in Sinajini. The court denied the request, concluding fees should be requested in the court that decided Chee. Counsel then requested attorney fees from the Chee court. The court denied the request because the Chee plaintiffs were not prevailing parties, having voluntarily dismissed their claims. Counsel requested that the court reopen the dismissal and include an explanation of the Sinajini consent decree to make clear that the Chee plaintiffs were prevailing parties. The district court denied the motion and the plaintiffs filed this appeal.

This court filed its decision in Sinajini on November 30, 2000, concluding the Sinajini court's decision not to include the Chee attorney fees was "unreasonable." Sinajini v. Bd., of Ed. of San Juan County Sch. Dist., 233 F.3d 1236, 1240 (10th Cir. 2000). This court stated that "[t]he consent decree that the court entered judgment on . . . provided for uniform resolution 'concerning costs and attorney[] fees in connection with the Chee and Sinajini litigation and the pending United States matters.'" Id. The matter was remanded to the district court to recalculate attorney fees and the court was ordered "to make a uniform resolution on the question of attorney's fees and costs." Id.

Plaintiffs have filed a motion for summary disposition in this appeal. The District has filed an objection to the motion, and plaintiffs have filed a reply to the objection.

3

An appellate court has, of necessity, the discretion to dismiss an appeal when a particular controversy has expired. <u>Battle v. Anderson</u>, 708 F.2d 1523, 1527 (10th Cir. 1983). A case is moot when the relief sought has already been obtained. <u>See</u> <u>S. Utah Wilderness Alliance v. Smith</u>, 110 F.3d 724, 727 (10th Cir. 1997).

On appeal, plaintiffs ask this court to instruct the district court to determine appropriate attorney fees for work performed in <u>Chee</u>. As this court has already ordered a district court to determine the appropriate attorney fees in <u>Chee</u>, there is nothing more to be done. The fact that plaintiffs have filed a motion for summary disposition demonstrates they have received their requested relief.

Plaintiffs' motion for summary disposition is GRANTED. We DISMISS this appeal as moot. This case is REMANDED to the district court with directions to vacate the underlying judgment.


Entered for the Court

Mary Beck Briscoe
Circuit Judge

4